IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH L. THOMAS, # 207981, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv425-WHA |
| | ) | (WO) |
| EDWARD ELLINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state prisoner Elizabeth L. Thomas ("Thomas") on June 13, 2013. Thomas alleges that she was deprived of a liberty interest without due process in a prison disciplinary action against her at the Montgomery Women's Facility in Mt. Meigs, Alabama. For the reasons that follow, the court finds her petition should be dismissed.

**I.  BACKGROUND**

In 2007, Thomas was sentenced to 15 years in prison for a robbery she committed in Chambers County, Alabama.  In May 2013, while serving her sentence at the Montgomery Women's Facility, she received an incident report charging her with possession of contraband, specifically, a stamped envelope containing a letter she intended to mail, against prison regulations, to a former inmate.  After disciplinary proceedings were initiated against Thomas, the warden at the prison downgraded the charge against her to a lower level

behavior citation.[1]  Thomas was sanctioned with the loss of outside, telephone, and visitation privileges for 30 days and with one hour per day of extra work duty for 30 days.  She was not sanctioned with the forfeiture of any good-time credit.

## II.  DISCUSSION

Thomas claims she was deprived of a liberty interest without due process in the prison disciplinary action against her.  *See Doc. No. 1* at 1-2.  However, her claim is not cognizable in a federal habeas action.  The central purpose of the writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, is to provide a remedy to prisoners challenging the "fact or duration" of their physical confinement and seeking immediate release or an earlier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "[T]he common-law history of the writ, ... the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  *Id*.  The only relief that can be gained in a habeas action is an immediate or speedier release from custody.  *Id*.  Here, Thomas is not challenging the fact or duration of her confinement.  She is not attacking the state court judgment under which she is in custody.  *See* 28 U.S.C. § 2254(a).  She lost no good-time credit because of the disciplinary action.  Therefore, her claim is not consistent with a petition for writ of habeas corpus.

---

[1]  Because the disciplinary charge against Thomas was downgraded to a behavior citation, it appears that no disciplinary hearing was held.

Although Thomas's allegations are typically presented in an action under 42 U.S.C. § 1983,[2] this court is not inclined to construe her petition as a civil rights complaint through which she could challenge the conditions of her confinement in connection with the disciplinary action.  The required filing fee for a civil rights case is $350.00.  More importantly, any attempt by Thomas to proceed, or refile her suit, under § 1983 would be frivolous.  Thomas's temporary loss of privileges and placement on extra work duty do not implicate the protections of the Due Process Clause.

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest[3] that implicates constitutional due process concerns: (1) when actions of correctional officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary

---

[2] The Eleventh Circuit has recognized that "there exists an '"ambiguous borderland" between habeas corpus and section 1983,' *McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir. 1982) (per curiam), quoting M. Bator, D. Shapiro, H. Wechsler, *Hart and Wechsler's The Federal Courts and Federal System* 415 (1981 Supp.), the boundaries of which are not always readily apparent."  *Prather v. Norman*, 901 F.2d 915, 920 n.8 (11th Cir. 1990).

[3] When a constitutionally protected liberty interest is implicated, the inmate is entitled to:  (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken.  *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).  The factfinder's decision need only be supported by "some evidence."  *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455-56 (1985).

incidents of prison life." *Sandin*, 515 U.S. at 483-84.  The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause.  *Id*. at 484.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."  *Id*. at 485.

Thomas's temporary loss of privileges and placement on extra work duty are neither "atypical" nor "significant hardship[s]" under the *Sandin* analysis.  It is well established that the restriction of privileges is not a dramatic departure from the ordinary conditions of confinement, nor is it a major disruption in a prisoner's environment.  *Sandin*, 515 U.S. at 485; *see also, e.g., Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003); *Johnson v. Brown*, 2012 WL 6846322, at *7 (M.D. Ala. Dec. 3, 2012); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997).  Likewise, the sanction of extra work duty does not amount to an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life.  *See, e.g., Johnson*, 2012 WL 6846322, at *7; *Samford v. Staples*, 249 Fed. App'x 1001, 1004 (5th Cir. 2007); *Staffney v. Allen*, 187 F.3d 638, 1999 WL 617967 (6th Cir. Aug. 12, 1999); *Smith v. DeBruyn*, 1996 WL 407258, at *4 (7th Cir. Jul. 18, 1996); *Pigott v. Corr. Corp. of Am.*, 2008 WL 3244001, at *3 (D. Minn. Aug. 6, 2008); *Mayes v. Hickson*, 2006 WL 3030671, at *2 (S.D. Tex. Oct. 23, 2006);

Because the sanctions levied against Thomas failed to "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,"

4

*Sandin.* 515 U.S. at 484, they cannot trigger constitutional due process protections. Therefore, Thomas's allegations do not rise to the level of a constitutional violation as a matter of law and she has not presented a claim upon which relief can be based.[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED because Thomas has failed to demonstrate that the disciplinary action gives rise to any claim for federal habeas relief and has stated no claim for a denial of her constitutional right to due process.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 29, 2015. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

---

[4] To state a claim under § 1983, there must be a violation of the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Thomas*, 474 U.S. 327, 330-31 (1986).

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of May, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE